UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOUGLAS G. TAYLOR,

       Petitioner,

v.                                  CASE NO. 6:05-cv-1330-Orl-31KRS

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

       Respondents.

_____

## ORDER

      This case is before the Court on the amended petition for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254 (Doc. No. 7). Respondents filed a response to the amended petition for writ of habeas corpus (Doc. No. 10), and Petitioner then filed a reply to the response (Doc. No. 17). Petitioner raises the following claims in his amended petition: first, that the trial court erred in denying his motion to suppress statements he made to law enforcement officers; and second, that the prosecutor made improper comments during closing argument.

***Procedural History***

      Petitioner was charged by information with one count of robbery with a firearm or other deadly weapon and one count of grand theft. A jury trial was held, and Petitioner was found guilty as charged in the information. The trial court adjudicated him guilty of the crimes and sentenced him to life imprisonment as to the robbery count and for a term of ten years as to the grand theft count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

***Claims One and Two***

A.     *Section 2254(d) Precludes Relief In This Case*

Section 2254(d) provides as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

     (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

     (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001),

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.  Under the `unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*.  Additionally, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See id*. at 835-36; 28 U.S.C. § 2254(e)(1).

Claims one and two were raised on direct appeal and were denied by the state appellate

2

court.[1]  The Court finds that claims one and two must be denied under section 2254(d).

B.     *Discussion of Claims One and Two*

1.     *Claim One*

Petitioner argues that the trial judge erred in denying his motion to suppress certain statements and admissions he made to law enforcement officers.  In particular, Petitioner contends that, prior to making the statements, he had invoked his right to remain silent until counsel was provided.  He also mentions that he made the statements merely to prevent the arrest of his fiancé.

The trial court held an evidentiary hearing on the motion.  Agent Wenner of the Brevard County Sheriff's Office accompanied Agent Rittenhouse to the Orange County Jail to interview Petitioner, who was a suspect in a robbery.  (Transcript of Evidentiary Hearing at 6-7).  The agents were fully aware that Petitioner had invoked his *Miranda* rights.  *Id*. at 10, 52.  The agents told Petitioner that he was suspect in a robbery and that, since he had invoked his *Miranda* rights, he (Petitioner) would have to let them know if he wanted to speak with them.  *Id*. at 12, 52-53.  The agents then left the interview room, and Petitioner initiated contact with them a few minutes later, indicating that he would talk with them.  *Id*. at 13-14, 54.  The agents again read Petitioner his *Miranda* rights, and Petitioner proceeded to give his statement.  *Id*. at 16.[2]

In *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), the United States Supreme Court held that "an accused . . . having expressed his desire to deal with the police only through counsel, is not

---

[1]The Court notes that "[e]ven a summary, unexplicated rejection of a federal claim qualifies as an adjudication entitled to deference under § 2254(d)."  *Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338, 1347 (11th Cir.), *cert. denied*, 126 S. Ct. 171 (2005).

[2]Petitioner's version of the events differed somewhat from the testimony of Agents Wenner and Rittenhouse; however, the trial court found the testimony of the agents to be more credible.

subject to further interrogation by the authorities until counsel has been made available to him, *unless* the accused himself initiates further communication, exchanges, or conversations with the police." (Emphasis added).  In addition, "even if the police have decided temporarily not to provide counsel, they are free to inform the suspect of the facts of the second investigation as long as such communication does not constitute interrogation." *Arizona v. Robertson*, 486 U.S. 675, 687 (1988) (citations omitted).

In the present case, the agents did not violate Petitioner's constitutional rights.  First, the initial contact with Petitioner did not constitute an interrogation; rather, the agents were merely conveying information about the facts of the robbery investigation.  Next, Petitioner himself initiated further communication with the agents.  Under the circumstances, there was no violation of Petitioner's constitutional rights, and the trial court properly denied the motion to suppress.[3]

    *2.*    *Claim Two*

Petitioner argues that the prosecutor made improper comments during closing argument, including 1) that Petitioner did not testify at trial; 2) that Petitioner did not call witnesses in support of his alibi defense; and 3) that Petitioner was a "terrorist."

In particular, Petitioner identifies the following comments:

As to issue one,

> There is no indication from the evidence whatsoever this is not a real gun.

> Miss Wilson said it was; it appeared to her to be a real gun.

> There is no evidence to the contrary.

---

[3]The Court also rejects Petitioner's argument that he made his statements in order to prevent the arrest of his fiancé.  Petitioner specifically testified at the evidentiary hearing that his fiancé had an alibi.  (Transcript of Evidentiary Hearing at 75-76.)

(Transcript of Trial at 980.)

As to issue two,

Isn't it curious the defendant's alibi is the person who was staying with him living in his house, his tenant.

And the people that were there helping him to clean up they were working elbow to elbow with him where are they?

(Transcript of Trial at 996.)

As to issue three,

Miss Jensen, I'm sure she is a fine lady.
It's difficult for her to accept she's been sharing a bed with a terrorist all of these years.

(Transcript of Trial at 1057.)

The comment identified in issue one was made to prove the elements of a robbery, as the victim testified that she was put in fear when she saw the gun. This was an appropriate comment on the evidence. The comment noted in issue two was appropriate since it was made in response to an alibi witness presented by Petitioner who testified that he saw Petitioner working with two other men at Petitioner's home during the time of the robbery. Finally, Petitioner's objection to the comment set forth in issue three was sustained, and it was not of such an inflammatory nature as to have affected the outcome of the trial

Moreover, the Court notes that, to determine whether Petitioner is entitled to relief based on the prosecutor's comments, a two-pronged analysis applies: first, whether the prosecutor's comments were improper; and, second, whether any comments found to be improper were so prejudicial as to render the entire trial fundamentally unfair. *Davis v. Kemp*, 829 F.2d 1522, 1526 (11th Cir. 1987), *cert. denied*, 485 U.S. 929 (1988). The trial is rendered fundamentally unfair if "there is a reasonable

probability that, but for the prosecutor's offending remarks, the outcome . . . would have been different . . . . [A] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Kemp*, 846 F.2d 1276, 1283 (11th Cir. 1988), *cert. denied*, 494 U.S. 1090 (1990) (citations omitted) (quotations omitted).  In *Drake v. Kemp*, 762 F.2d 1449, 1458 (11th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986), the Eleventh Circuit Court of Appeals stated as follows:

> Improper argument will only warrant relief if it renders a petitioner's trial or sentencing fundamentally unfair.  That determination depends on whether there is a reasonable probability that, in the absence of the improper arguments, the outcome would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

(Citations omitted) (quotations omitted).

Here, to the extent that any of the prosecutor's comment were improper, when considered in the context of the entire proceeding, these comments in no way rendered the entire proceeding unfair. *See Gates v. Zant*, 863 F.2d 1492, 1502-03 (11th Cir.) (noting that "several of these arguments were improper . . . .  Considering the totality of the circumstances, however, these arguments did not render the sentencing proceeding fundamentally unfair."), *cert. denied*, 493 U.S. 945 (1989); *Tucker v. Kemp*, 762 F.2d 1496 (11th Cir. 1985) (finding that "while these arguments were all improper . . . we are convinced that [Petitioner] has not shown a reasonable probability that their absence would have led to a different outcome.  There was overwhelming evidence of guilt . . . ."), *cert. denied*, 478 U.S. 1022  (1986).  Therefore, this claim must be denied.[4]

---

[4]Petitioner cursorily mentions other comments made by the prosecutor.  As to these other comments, the Court finds that such comments were not improper and that, even if improper, the comments in no way rendered the entire proceeding unfair.  Petitioner also argues that there was cumulative error warranting relief in this case; however, the Court finds that there was no cumulative error in this case.

*3      Conclusion*

Petitioner has failed to demonstrate that the state appellate court's adjudication of these claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.   Further, Petitioner has not shown that the adjudication of the claims resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Douglas G. Taylor is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.   The Clerk of the Court shall enter judgment accordingly.

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 24th day of May, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 5/24
Counsel of Record
Douglas G. Taylor

7